**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-10367**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ROBERT DANIEL DRADDY,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(USDC No. 4:97-CR-009-A-1)**
_____

November 6, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Robert Daniel Draddy appeals the sentence he received following revocation of his supervised release. He contends, for the first time on appeal, that the district judge acted pursuant to a "*de facto* policy" of sentencing defendants, whose supervised release is revoked, to terms exceeding the sentencing ranges listed in the policy statements in Chapter Seven of the Sentencing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines, without "truly" considering these ranges. In support, Draddy relies on sentences imposed in other revocation-of-supervised-release cases before the same district judge.

Alternatively, Draddy contends, also for the first time on appeal, that amendments to 18 U.S.C. § 3553(a)(4) made Chapter Seven policy statements mandatory upon courts when sentencing for violations of supervised release; and that the district court therefore erred by sentencing Draddy outside of the policy statement range. (Recognizing that this court has held that the policy statements are merely advisory, *United States v. Escamilla*, 70 F.3d 835, 835 (5th Cir. 1995) ("[T]he policy statements in Chapter 7 of the Sentencing Guidelines are merely advisory and ... a court only need *consider* them in rendering a decision.") (emphasis in original), *cert. denied*, ___ U.S. ___, 116 S. Ct. 1368 (1996), Draddy states that he presents the issue in order to preserve it for further review.)

Because Draddy failed to present either of these contentions in the district court, we review only for plain error. *E.g., United States v. Hawkins*, 87 F.3d 722, 730 (5th Cir.), *cert. denied*, ___ U.S. ___, 117 S. Ct. 408 (1996). To demonstrate plain error, Draddy must show (1) an error by the district court, (2) that is clear or obvious, and (3) affects his substantial rights. *E.g., United States v. Calverly*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing *United States v. Olano*, 507 U.S. 725

(1993)), *cert. denied*, 513 U.S. 1196 (1995).  Moreover, even when these factors are present, it is within our discretion to decline to correct errors that do not "seriously affect the fairness, integrity, or public reputation of judicial proceedings".  **Id.** at 162 (quoting **United States v. Atkinson**, 297 U.S. 157, 160 (1936)).  Pursuant to our review of the briefs and the record, we conclude that there is no plain error.  Accordingly, the judgment is

**AFFIRMED.**